Weaver and Upton, on 16 December, 1840, leased of one McKenzie a tract of land for three years to mine for gold; the rent was to be one-sixth part of the gold that should be obtained by the lessees. On 27 December, 1841, the lessees entered into the agreement under their seals mentioned in the case. Upton was to work twenty hands and Weaver four hands, "bearing a proportionable part of the expenses attached thereto. The said Upton, of the first part, bargains and agrees to give me, the said Weaver, of the second part, $450 to manage the business, which I agree to manage according to the best of my judgment." It seems to us that the agreement was one of partnership; and the law being well settled that the acting and business partner is never entitled to claim pay of the firm for his services unless he stipulates for it in the articles of copartnership or otherwise the parties therefore agreed that Weaver should manage the business and Upton, the other partner, agreed to give him $450 "to manage the business." Weaver was to bear his proportion of the expenses of managing and working the mine. The salary of the superintendent was a part of the expenses of the firm; and the firm ought, according to the true construction of the articles, to bear this expense in proportion to the number of hands each partner worked in the mine. The words, "the said Upton bargains and agrees to give me, the said Weaver, $450 to manage the business," only denoted the assent of Upton (460) that Weaver, although a partner, should be paid for his services $450. The parties were stipulating concerning the partnership business, and the terms on which it was to be carried on, and, among others, that Upton bargained and agreed to let Weaver have $450 for his services that lear. It seems to us that it would be against justice and right to construe the covenant to be an agreement by Upton that he would pay that sum out of his own pocket. We think that it was an item in the expenses account of the firm, and that the firm should pay it.
PER CURIAM. Affirmed. *Page 318